# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARCUS BROOKS,** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **CIVIL NO. 07-1164 (ESH)** |
| | : | |
| **UNITED STATES PAROLE COMMISSION, <u>et al.</u>,** | : | |
| **Respondents.** | : | |

## FEDERAL RESPONDENTS' OPPOSITION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

The Attorney General of the United States and the United States Parole Commission ("Federal Respondents"), by and through their attorney, the United States Attorney for the District of Columbia, respectfully submit this Opposition to Petitioner's <u>pro se</u> Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In support of this Opposition, the Federal Respondents say:

## INTRODUCTION

In his petition for writ of habeas corpus, petitioner challenges a detainer lodged against him by the District of Columbia Board of Parole. Petitioner requests that the detainer removed and that credit be applied towards his parolable sentence for the time he has spent in custody.

However, it is clear that a District of Columbia parole violation warrant may be lodged as a detainer against a parolee and that petitioner has no right to force the Commission to make a substantive decision regarding either parole revocation or sentence credit at this time. Thus, the petition for writ of habeas corpus should be summarily denied.

## PROCEDURAL HISTORY

Petitioner, Marcus Brooks, currently is serving a 130-month, non-parolable sentence, imposed by this Court in Criminal No. 99-0413, for his conviction for Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Cannabis. <u>See</u> Exhibit A (sentence computation) and Exhibit B (Judgment and Commitment Order).

A District of Columbia Board of Parole parole violation warrant, stemming from an outstanding District of Columbia Superior Court sentence, currently is lodged against petitioner as a detainer. <u>See</u> Exhibit C (facesheets and District of Columbia Board of Parole action sheet) and Exhibit D (Judgment and Commitment Order).

On January 13, 1995, petitioner was released on parole from his 2 to 8-year Superior Court sentence with a sentence expiration date of June 26, 2000. <u>See</u> Exhibit E (parole certificate).

On August 23, 1996, petitioner's parole officer notified the District of Columbia Parole Board that petitioner had been charged with first degree cruelty to children, and arrested. <u>See</u> Exhibit F (report of alleged violations). In response to this report of alleged violation, the District of Columbia Parole Board issued an order for petitioner to appear for a revocation hearing. <u>See</u> Exhibit G (District of Columbia Parole Board order).

Following the ordered hearing and after receiving information indicating that the criminal charge had been dismissed, the District of Columbia Parole Board maintained petitioner under parole supervision with no change in the conditions of his release. <u>See</u> Exhibit H (notice of Board order).

On January 31, 1997, petitioner's parole officer informed the District of Columbia Parole Board that the first degree cruelty to children charge against petitioner had been reinstated.  See Exhibit I (parole officer letter).  The District of Columbia Parole Board then ordered petitioner to appear for a revocation hearing regarding the outstanding charge.  See Exhibit K (order to appear for a revocation hearing).  Petitioner subsequently was arrested for simple assault in Superior Court Criminal Case No. F-7227-96.  After receiving a statement of alleged violations, see Exhibit C (statement of alleged violations),the Board then issued a parole violation warrant for petitioner and ordered that it be placed as a detainer against him.  See Exhibit M (notice of Board order and warrant).

Following this action, petitioner was convicted of simple assault and sentenced to a suspended 180-day jail term and $1,000 fine in Superior Court Criminal Case No. F-7227-96.  See Exhibit N (parole officer letter).

On July 15, 1998, after conducting a revocation hearing, the District of Columbia Parole Board revoked petitioner's parole and granted him re-parole immediately.  See Exhibit O (notice of Board order).

Pursuant to the District of Columbia Parole Board's orders, petitioner was immediately re-paroled, with a new sentence expiration date of November 10, 2003.  See Exhibit P.

On October 22, 1999, petitioner's parole officer sent another statement of alleged violations to the District of Columbia Board of Parole.  See Exhibit Q (statement of alleged violations).  Petitioner had been arrested for possessing illegal drugs with the intent to distribute them and was in custody for the offenses on new criminal charges.  Id.  The Board promptly issued a violation warrant for petitioner's arrest and explicitly requested that it be lodged as a detainer.  See Exhibit

R (violation warrant and notice of District of Columbia Parole Board order). According to the District of Columbia Parole Board's instructions on the warrant, the warrant was not to be executed if petitioner was then in custody; rather, the warrant was to be lodged as a detainer. Id.

Petitioner subsequently was convicted of the new drug-related criminal conduct, and this Court imposed a 130-month sentence pursuant to the Sentencing Reform Act of 1984. See Exhibit B.

On August 5, 2000, the United States Parole Commission assumed the responsibility of making parole revocation decisions for District of Columbia parolees pursuant to D.C. Code § 24-131. Prior to this date, the District of Columbia Board of Parole forwarded petitioner's case file and outstanding warrant information to the Commission. See Exhibit S (District of Columbia Board of Parole transmittal). The warrant then remained lodged as a detainer against petitioner while he served the new intervening 130-month sentence.

On May 29, 2007, petitioner contacted the United States Parole Commission about the outstanding warrant. See Exhibit T (petitioner letter and attachment). In this correspondence, petitioner indicated that he would be filing the instant petition for writ of habeas corpus. Id. The United States Parole Commission interpreted petitioner's letter and attachment as a request for a review of the outstanding detainer under 28 C.F.R. § 2.100 (c).

On August 6, 2007, the Commission conducted an on-the-record dispositional review of the outstanding District of Columbia Board of Parole violation warrant. See Exhibit U (Commission order). The United States Parole Commission determined that it will maintain the parole violation warrant as a detainer against petitioner. See Exhibit V (Commission notice of action).

4

## ARGUMENT

The petition for writ of habeas corpus should be summarily denied. It is clear that a District of Columbia parole violation warrant may be lodged as a detainer against a parolee and that petitioner has no right to force the Commission to a substantive decision regarding possible parole revocation and sentence credit at this time.

### THE DISTRICT OF COLUMBIA BOARD OF PAROLE'S DETAINER REMAINS ACTIVE, AND PETITIONER HAS RECEIVED ALL OF THE RELIEF TO WHICH IS ENTITLED

First, the record is clear that the District of Columbia Board of Parole lawfully issued the parole violation warrant against petitioner. Under D.C. Code § 24-405, the District of Columbia Board of Parole was authorized to issue parole violation warrants against parolees upon reliable information that a parolee had violated the conditions of his parole. In this case, evidence was presented to the District of Columbia Board of Parole indicating that petitioner had violated his parole. See Exhibit Q (statement of alleged violations). Thereafter, the warrant in this case was lawfully lodged as a detainer, as the former regulations of the District of Columbia Board of Parole permitted the warrant to be so designated. See 28 D.C.M.R. § 218.1(b); cf. 28 C.F.R. § 2.100(a). Accordingly, the detainer, at the time of its issuance, was lawful.

When the United States Parole Commission assumed the responsibilities of the District of Columbia Board of Parole, the United States Parole Commission was authorized to promulgate regulations regarding District of Columbia parole and parole revocations. See D.C. Code § 24-131(d). Under this authority, the United States Parole Commission granted full force and effect to all prior orders of District of Columbia Board of Parole, including outstanding violation warrants. See 28 C.F.R. § 2.90. When the United States Parole Commission assumed jurisdiction over petitioner's case, then, the outstanding warrant was still active.

5

In his petition, petitioner argues that the United States Parole Commission has unlawfully failed to review the status of the outstanding warrant.  In support his argument, petitioner cites to federal regulations which are inapplicable to his case.  A review of the applicable United States Parole Commission regulations for District of Columbia offenders, and the record in this case, illustrates that petitioner has received all of the relief to which he is entitled.  When a District of Columbia "parolee is serving a new sentence of imprisonment that does not include eligibility for parole under the Commission's jurisdiction, the Commission shall review the detainer upon the request of the parolee. . ." 28 C.F.R. § 2.10 (c).  In this case, the United States Parole Commission received a request from petitioner on May 29, 2007, which it liberally construed as a request to review the detainer, and the United States Parole Commission thereafter granted petitioner this on-the-record review.  See Exhibits U, V, and W.  Even if the United States Parole Commission had been untimely in granting petitioner this review, he would not be entitled to any relief in habeas corpus, as he has no demonstrated any prejudice resulting from the alleged delay.  See, e.g., Heath v. U.S. Parole Comm'n, 788 F.2d 85, 91 (2d Cir. 1986); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. 1983); see also Adams v. Braxton, 656 A.2d 729, 731 (D.C. 1995).  Because petitioner has received everything provided for in the regulations, he has received all of the relief to which he is entitled.

To the extent that petitioner is seeking an immediate revocation hearing or immediate sentence credit towards any possible parole violation sentence that may result after the warrant is executed, those claims are equally without merit.  A parolee is not entitled to a revocation hearing until the violation warrant is executed.  See Moody v. Daggett, 429 U.S. 78, 87-88 (1976); see also 28 C.F.R. § 2.100 (c)(1). Because the United States Parole Commission has maintained the warrant

as a detainer, petitioner is not entitled to a revocation hearing until <u>after</u> he completes his intervening sentence, which is currently scheduled for April 14, 2009. <u>See</u> Exhibit A at page 2. Petitioner's claim to advance sentence credit towards any possible future sentence credit fails for the same reason.[1] <u>See</u> <u>Moody v. Daggett</u>, <u>supra</u>, 429 U.S. at 87-88 (noting that nothing gives a parolee the "right" to force the Commission to make a decision at this time). Accordingly, petitioner is not entitled to a substantive parole revocation and sentence credit decision at this time.

## CONCLUSION

Because petitioner has received all of the relief to which he is entitled, the Federal Respondents respectfully request that Petitioner's <u>pro se</u> Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be summarily denied and and the show cause order discharged.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498-610

ROBERT D. OKUN
Chief, Special Proceedings Division
D.C. Bar No. 457-078

_____/S/_____
T. ANTHONY QUINN
Assistant United States Attorney
D.C. Bar No. 415-213
United States Attorney's Office
Special Proceedings Division, Room 10-909
555 Fourth Street, NW
Washington, D.C. 20530
202-514-6807

---

[1] Petitioner's complaint about the effect the detainer has on his eligibility for institutional programs also has no merit. <u>See</u> <u>Moody v. Daggett</u>, <u>supra</u>, 429 U.S. at 88 n.9.

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served by mail on petitioner, MARCUS BROOKS, Fed. Reg. No. 23070-016, DCDC No. 255-897, CTF, 1901 E Street, SE, Washington, D.C.  20003, on this 15th day of August, 2007.

_____/S/_____
T. ANTHONY QUINN
Assistant United States Attorney

```
                           SENTENCE MONITORING                *       *   07-30-2007
PARIC  540*23  *           COMPUTATION DATA                           09:32:44
AGE 001    *               AS OF 07-30-2007

EGNO..:                    NAME: BROOKS, MARCUS A

BI NO.........:                        DATE OF BIRTH: P07/A-ADMIT 06
RS1..........:    CUM/FED WRIT         ARS2.........:
NIT..........:                         QUARTERS.....:
ETAINERS.....:  NO                     NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 10-14-2008

HE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
NE INMATE IS PROJECTED FOR RELEASE: 04-14-2009 VIA GCT REL

----------------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------

COURT OF JURISDICTION...........:  DIST OF COLUMBIA, DISTRICT CRT
DOCKET NUMBER...................:  99-0413-02
JUDGE...........................:  URBINA
DATE SENTENCED/PROBATION IMPOSED:  08-05-2002
DATE COMMITTED..................:  08-26-2002
HOW COMMITTED...................:  US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............:  NO

                             FELONY ASSESS    MISDMNR ASSESS    FINES       COSTS
NON-COMMITTED.:              $100.00          $00.00            $00.00      $00.00

RESTITUTION...:   PROPERTY:  NO   SERVICES:  NO    AMOUNT:    $00.00

------------------------------CURRENT OBLIGATION NO: 010 ----------------------

OFFENSE CODE....:  391
OFF/CHG: 21:846 & 841(B)(1)(A)(III) CONSPIRACY TO DISTRIBUTE AND
         POSSESS WITH INTENT TO DISTRIBUTE 50 GRAMS OR MORE OF
         COCAINE, AND CANNABIS.

SENTENCE PROCEDURE..............:  3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   130 MONTHS
TERM OF SUPERVISION............:   5 YEARS
DATE OF OFFENSE................:   10-20-1999
```

G0002                          MORE PAGES TO FOLLOW . . . .

GOVERNMENT EXHIBIT

A

Aug 13 07 04:08p

SH        PARIC   540*23 *                    SENTENCE MONITORING                *        07-30-2007
PAGE 002 OF 002 *                            COMPUTATION DATA                             09:32:44
                                             AS OF 07-30-2007

REGNO..:  ██████████  NAME: BROOKS, MARCUS A

------------------------------- CURRENT COMPUTATION NO: 010 -------------------------------

COMPUTATION 010 WAS LAST UPDATED ON 04-08-2004 AT CUM AUTOMATICALLY
CURRENT COMPUTATION 010: 010 010

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010:

DATE COMPUTATION BEGAN............: 08-05-2002
TOTAL TERM IN EFFECT..............: 130 MONTHS
TOTAL TERM IN EFFECT CONVERTED....: 10 YEARS    10 MONTHS
EARLIEST DATE OF OFFENSE..........: 10-20-1999

JAIL CREDIT.......................:    FROM DATE       THRU DATE
                                      10-19-1999      08-04-2002

TOTAL PRIOR CREDIT TIME...........: 1021
TOTAL INOPERATIVE TIME............: 0
TOTAL GCT EARNED AND PROJECTED....: 491
TOTAL GCT EARNED..................: 357
STATUTORY RELEASE DATE PROJECTED..: 04-14-2009
SIX MONTH /10% DATE...............: N/A
EXPIRATION FULL TERM DATE.........: 08-18-2010

PROJECTED SATISFACTION DATE.......: 04-14-2009
PROJECTED SATISFACTION METHOD.....: GCT REL

NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

Aug 13 07 04:08p

AO 245 S (Rev. 11/00 DC) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## for the District of Columbia

UNITED STATES OF AMERICA

v.

#2: MARCUS A. BROOKS

Defendant.

Case Number  99-0413-02

## SEALED

FILED
AUG 6 - 2002

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, #2: MARCUS A. BROOKS, was represented by LYDIA A. WADE, ESQUIRE.

On motion of the United States the court has dismissed counts 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of the Original Indictment filed December 16, 1999, and all counts of Superseding Indictment filed July 13, 2000.

The defendant pled guilty to count One (1) of the Original Indictment of the indictment on May 17, 2000. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846 and 841(b)(1)(A)(iii) | CONSPIRACY TO DISTRIBUTE AND POSSESS WITH TO DISTRIBUTE 50 GRAMS OR MORE OF COCAINE, AND CANNABIS | 10/20/99 | 1 |

As pronounced on August 5, 2002, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The mandatory special assessments included in the portion of this Judgment that imposes the Criminal Monetary Penalties.

It is further ordered that the defendant shall notify the United States Attorney and the Clerk's Office for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances that might affect the ability to pay.

RECEIVED
2002 AUG -8  A 9:
USMS PRISONER OPERATIONS
DISTRICT OF COLUMBIA

Signed this 5 the  day of August, 2002.

RICARDO M. URBINA
United States District Judge

United States District Court
for the District of Columbia
A TRUE COPY
NANCY MAYER-WHITTINGTON, Clerk

BY
Deputy Clerk

Defendant's SSN:
Defendant's Date of Birth:
Defendant's USM No.:
Defendant's mailing address: Incarcerated
Defendant's residence address: Incarcerated

GOVERNMENT EXHIBIT
B

Aug 13 07 04:08p

AO 245 S (Rev. 11/00 DC) Sheet 2 - Imprisonment

Defendant: **#2: MARCUS A. BROOKS**
Case Number: **99-0413-02**

Judgment—Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED THIRTY MONTHS (130) MONTHS**.

The Court makes the following recommendations to the Bureau of Prisons: **THAT THE DEFENDANT PARTICIPATE IN A DRUG TREATMENT PROGRAM.**.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

P.5

Aug 13 07 04:09p

AO 245 S (Rev. 11/00 DC) Sheet 3 - Supervised r    ase

Defendant: #2: MARCUS A. BROOKS
Case Number: 99-0413-02

Judgment—Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS WITH CONDITIONS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by the probation office of this court set forth on the next page. The defendant shall also comply with the following special conditions:

1. The defendant shall participate in a drug treatment program as directed by the Probation Office.

2. The defendant shall not use, possess, distribute or transport any illegal drugs, nor shall he frequent any place where illegal drugs are used, sold, or distributed. he shall not associate with any person known to use, possess, distribute or transport illegal drugs.

3. The defendant shall pay a special assessment of $100.00, which shall be due immediately.

THE COURT FINDS that the defendant does not have the ability to pay a fine, and no alternative sanction is imposed.

The Probation office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence off the Court

Regarding disclosure of reports to treatment agencies, these agencies shall return the presentence report to the Probation Office upon the defendant's completion or termination from treatment.

p.8

Aug 13 07 04:09p

AO 245 S (Rev. 12/98 DC) Sheet 3a - Supervised Release

Judgment—Page 4 of 6

Defendant  #2: MARCUS A. BROOKS
Case Number:  99-0413-02

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his or her dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any such controlled substances, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Aug 13 07 04:09p

P.8

ADP Form 19 DCDC-7-70

## DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
## FACE SHEET No. 2

| DCDC Number | Name (Last, First, Middle) Brooks, Marcus | | | | | Race 8 | Sex M |
|---|---|---|---|---|---|---|---|
| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth Washington, D.C |

Date Prepared 5-30-98 (Mo., Da., Yr.)

Total Sentence: 5 years, 5 months, 12 days

| | |
|---|---|
| Offense | DCPU |
| Case Number | ATT. DIST COCAINE |
| Sentence (Yrs., Mos., Days) | Owes 1,992 days |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 5-30-98 |
| Full Term Date (Mo., Da., Yr.) | 11-10-2003 |
| Short Term / M.R. Date (Mo., Da., Yr.) | 6-5-2002 |
| Parole Eligibility Date (Mo., Da., Yr.) | Parole Violator |
| Max Supervision Date (Mo., Da., Yr.) | N/A |
| Statutory Good Time Rate / Month | 523 Days |
| Plea | |
| Committing Judge | |
| Defense Attorney | |
| Initialed By: | |

### DETAINERS

| Date Filed | For | Action | Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|---|---|---|

### CONDUCT CREDITS

### JAIL CREDIT DATES

| From and Including | To and Including |
|---|---|

### REMARKS

noble Decision

YELLOW COPY TO ADP

GOVERNMENT EXHIBIT

C

ADP Form 19 DCDC-7-70

**DISTRICT OF COLUMBIA**
**DEPARTMENT OF CORRECTIONS**
**FACE SHEET No. 2**

| DCDC Number | Height | Weight | Build | Name (Last, First, Middle) | Eyes | Hair | | Place of Birth | Race | Sex |
|---|---|---|---|---|---|---|---|---|---|---|
| 265-394 | | | | Marcello | | | | Nash D.C. | | M |

Prepared: 8-27-92 (Mo., Da., Yr.)

| Field | Entry |
|---|---|
| Offense | attempt + to do crime / Not a crime |
| Case Number | F1316-92 C |
| Sentence (Yrs., Mos., Days) | 2 to 8 yrs |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 8-26-92 |
| Full Term Date (Mo., Da., Yr.) | 6-26-2000 |
| Short Term / M.R. Date (Mo., Da., Yr.) | 5-18-1998 |
| Parole Eligibility Date (Mo., Da., Yr.) | 2-1-1994 |
| Max. Supervision Date (Mo., Da., Yr.) | N/A |
| Statutory Good Time Rate / Month | 144-768 |
| Plea | Guilty |
| Committing Judge | Dixon |
| Defense Attorney | |
| Initialed By: | RMWLS |

Total sent: 2-8 years less 61 days

5-16-98 965 dA
1-29-94 dA

**DETAINERS**

| Date Filed | For | Action | Date |
|---|---|---|---|
| | | | 4:30 |

**CONDUCT CREDITS**

| Credit | Forfeit | Restore | Balance |
|---|---|---|---|
| 3 days EGT (ETAC) | | | |

**JAIL CREDIT DATES**

| From and Including | To and Including |
|---|---|
| 6-26-92 | 8-25-92 = 61 days |

**REMARKS**

Aug 13 07 04:10p

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

Marcus Brooks

Case No. _____
PDID No. _____

F-1316-92

#67

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant, having entered a plea of ☐ Not Guilty ☐ Guilty to the Charge(s) of _____
C.C. An Distribution of Cocaine

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
C.C. But Three Years — Not Eighteen
Months

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☑ MANDATORY MINIMUM term does not apply.

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803(b) of the D.C. Code
[Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐   Observe the general conditions of probation listed on the back of this order.

☐   Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
    written notice from your Probation Officer.

☐   Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐   _____

☐   Restitution of $ _____ in monthly installments of $ _____ beginning
    _____ (see reverse side for payment instructions). The Court

    will distribute monies to _____

Costs in the aggregate amount of $ _____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid.
ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

9-24-92
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_____
Date

GOVERNMENT EXHIBIT

D

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

## ADULT

**ADULT PAROLE CERTIFICATE – #**

BROOKS, Marcus          D.C.D.C. ▮▮▮▮▮          is eligible to be

that

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on January 13 , 19 95, and that said person remain under supervision within the limits of the Washington, Metro Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until June 26, 2000 , BY _____ ; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this _____1st_____ day

of _____November_____, 19 94 .

_____
Administrator

The above-named was released on

the _____ day of _____, 19 ____.

_____
Administrator

GOVERNMENT EXHIBIT

E

Aug 13 07 04:11p

★ ★

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N.W., 2ND FLOOR
WASHINGTON, DC 20001

★ ★

FIVE DAY HOLD

FIVE DAY HOLD

MEMORANDUM TO: Board Members            DATE: August 23, 1996

FROM: Ms. E. Lorraine Butler           PAROLE UNIT: YAU
       Parole Officer

SUBJECT: REPORT OF ALLEGED VIOLATION(S)            [ ] UPDATE

RE: Brooks, Marcus A.

       Client's Name                   DCDC #          PDID #          FBI #

| M | | | | |
|---|---|---|---|---|
| SEX | DOB | Active/Medium | 1-18-95 | 6-26-00 |
| | | Supv. Type/Level | Date Supv. Began | FTD |

Special Condition(s): __Narcotic Surveillance__

       Attempted Distribution of Cocaine
Offense(s) On Which Parole May Be Revoked

       2-8 Years                        8-26-92
Aggregate Sentence                      Date Sentence Began

Discretionary/1-13-95                   1
Release Type and Date        # Releases # Revocations
                             (on this sentence)

ACTION RECOMMENDED: [] Warrant  [x] OAR  [ ] OAPC  [ ] PA

       Other: __Five Day Hold__

CODE    ALLEGATION(S)/DATE(S):           EVIDENCE - SOURCE & TYPE

1. 0901  Failed to obey all laws arrested  MPD 163

         8-17-96

2. _____



GOVERNMENT EXHIBIT

F

P.12

Aug 13 07 04:11p

RE:    Brooks, Marcus A.
DCDC#:
Subj:  Report of Alleged Violations(s)
Mr. Brooks resides with his mother, Mrs. Marie Brooks has custody
of his 7 year old son.

DATE: August 23, 1996
PAGE: 2

Mr. Brooks obtained employment with Blake Construction at
Southern Avenue and Wheeler Road, S.E. He was hired on 6-2-96 as
a laborer earning ███ per hour. He was so elated that he had
closed his five month hiatus.

On 8-17-96, Mr. Brooks was rearrested and charged with First
Degree Cruelty to Children, cc #F7227-96. He is being presently
held on a 5 day hold with a preliminary hearing scheduled for
8-23-96.

Mrs. Brooks stated that after her grandson returned from a weeks
visit with his mother, he was rebellious. The child kept
repeating that Marcus wasn't his father and wouldn't obey. He
repeated other things that his mom had told him. Mrs. Brooks
said he was hateful and that Marcus whipped him; he did not beat
him. This officer understood that phrase. The kid's eye was
bruised as he ran and hid under the bed.

Mr. Brooks has been a pleasurable young man who becomes a bit
rambunctious. He is an individual one needs to keep a rein on.
He has put great effort towards being a respectable and
responsible parent. He has custody of his son. He attends
school conferences, he discusses problems the child presents with
this officer. The child is in therapy, he fights, he lies, he
gets kicked out of school. Mr. Brooks and his mother often ask
for guidance.

Respectfully submitted,

_Lorraine Butler_
L. Lorraine Butler
Parole Officer

Approved:

_Jeffrey W. Covel_
Jeffrey W. Covel
SPO, YAU

P.13

Aug 13 07 04:11p

DISTRICT OF COLUMBIA BOARD OF PAROLE

**ORDER**

ORDER TO APPEAR FOR A REVOCATION HEARING
AND NOTICE OF RIGHTS

TO:  Brooks, Marcus A.

DCDC# ▓▓▓▓▓    PDID# ▓▓▓▓▓

It is alleged that you violated a condition or conditions of your parole as
specified in the Statement of Alleged Parole Violations, dated  8/96  ,
which is attached to this Order.  #9

ACCORDINGLY, YOU ARE HEREBY ORDERED TO APPEAR FOR A REVOCATION HEARING at

the  Correctional Treatment Facility  on  Sept. 26, 1996  at  9:30  AM
to determine if the allegations are true.  The Board MAY ORDER THAT YOU BE TAKEN
INTO CUSTODY at the hearing.

If the Board finds, based on the preponderance of the evidence, that you
have violated one or more conditions of your parole, the Board of Parole may
revoke your parole immediately and order your return to prison to serve the
remainder of the sentence(s) originally imposed on you.  If the Board revokes
your parole, the time you spent on parole before April 11, 1987, if any, will NOT
be credited as time served on the sentence(s) on which parole was granted.

**YOUR REFUSAL TO ACCEPT SERVICE OF THIS ORDER OR YOUR FAILURE TO APPEAR AS ORDERED
MAY RESULT IN ISSUANCE OF A WARRANT FOR YOUR ARREST.**

IN CONNECTION WITH THE HEARING, YOU ARE ENTITLED TO EXERCISE THE FOLLOWING
RIGHTS:

1.  To appear and speak on your own behalf, with the aid of an interpreter or
    translator if the Hearing Official determines such aid to be necessary;

2.  To be represented by an attorney of your choice;

3.  To remain silent;

4.  To present documents, other written information or witnesses who can give
    information relevant to the allegation(s);

5.  To have disclosure of the evidence against you;

6.  To request that the Board make available for questioning at the hearing
    any person who has given information against you on which the Board may
    rely to revoke your parole, unless granting this request would subject any
    person to a risk of harm;

7.  To confront and cross-examine witnesses unless the Hearing Official
    determines that confrontation would subject any person to a risk of harm;

8.  To receive the decision of the Board in writing and a written statement
    of the reasons for it and the evidence relied upon.

IF YOU WISH TO BE REPRESENTED BY COUNSEL, OR TO PRESENT WITNESSES OR DOCUMENTARY
EVIDENCE, YOU MUST MAKE ARRANGEMENTS FOR THEM TO BE PRESENT AT THE HEARING.

_____        _____
8/26/96                          Member, D.C. Board of Parole
Date

PDS-240 1/22/93

GOVERNMENT EXHIBIT
G

Aug 13 07 04:11p

P.15

★★★

**The Board of Parole**

*of the*

*District of Columbia*

★★★

## NOTICE OF BOARD ORDER

### FIVE DAY HOLD

Order # 1 of 1

In reference to:

DCDC

DOB

DOCKET  D9608-0096

NAME  MARCUS A BROOKS

SSN  57-04-3204

CONSIDERATION TYPE N:RAV

LOCATION  ADULT PAROLE

ADULT PAROLE

The District of Columbia Board of Parole issues the following  ORDER:

ISSUE AN ORDER TO APPEAR FOR A REVOCATION HEARING
WITHOUT PRIOR DETENTION

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

FAILED TO OBEY ALL LAWS

08/26/1996

Date

8/28/96

by

Seal

Chairman
on behalf of the Board of Parole

[ Parole Determination File ]
BUTLER, .:

NOA Date _____

Aug 13 07 04:12p

★★★

**The Board of Parole**
*of the*
**District of Columbia**

★★★

## NOTICE OF BOARD ORDER

DOCKET H9609-0066

DOB

DCDC

In reference to:

Remarks:

09/30/1996

Date

A TRUE COPY

Director, Internal Check
Parole Determination
[D.C. Board of Parole Seal]
D.C. Board of Parole

NAME   MARCUS A BROOKS

SSN

CONSIDERATION TYPE   H:OAREVOCATION

LOCATION   ADULT PAROLE

Order # 1 of 1

The District of Columbia Board of Parole issues the following **ORDER:**

MAINTAIN PAROLE SUPERVISION WITH NO CHANGE IN PAROLE CONDITIONS

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

NOTIFY BOARD OF DISPOSITION OF CHARGES

Margaret Quick   3
Chairman
on behalf of the Board of Parole ....
[ Institution ]
BUTLER, L

GOVERNMENT EXHIBIT
H

Aug 13 07 04:12p

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVE. N.W., 2ND FLOOR
WASHINGTON, D.C. 20001

MEMORANDUM TO: Board Members    DATE: January 31, 1997

FROM:    E. Lorraine Butler    Parole Unit: Young Adult Unit
         Parole Officer

SUBJECT: Status Report on Disposition of Pending Charge(s)

RE:    BROOKS, Marcus A.    DCDC# ▓▓▓    PDID# ▓▓▓▓
       Client's Name

DISPOSITION:  [ ] Guilty    [ ] Not Guilty    [ ] Dismissed

       [X]  Other (specify): Indictment

ACTION RECOMMENDED: Continue supervision

Reference is made to our RAV dated 8-23-96, citing Mr. Brook's arrest on
8-17-96 for First Degree Cruelty to Children. Board action dated 9-30-96,
stated to maintain parole supervision with no change in parole conditions.
Our memorandum dated 10-28-96 noted that the charge was dismissed on
10-21-96 under cc# F7227-96.

Please be advised that the charge has resurfaced and is scheduled for a
custody hearing on 2-4-97 and trial on 3-4-97. Mr. Brooks and his mother
keep this officer aware of the court case. On 1-24-97, Mr. Brooks advised
this officer that the complainant (mother of his son) had submitted a letter
to the U.S. attorney and to the defense attorney admitting that she has
been lying all along.

Mr. Brooks continues to reside with his mother, Ms. Marie Brooks at
▓▓▓▓▓▓▓ S.E. ▓▓▓ He is employed by Blake Const. Co., at
Southern Ave. and Wheeler Rd. S.E. He is a laborer earning ▓▓▓▓ per
hour.

It is recommended that supervision be continued.

Approved:

*[signature]*
Jeffrey W. Covel
Supervisory Parole Officer
·NAU

Respectfully submitted,

*[signature]*
E. Lorraine Butler
Parole Officer

GOVERNMENT EXHIBIT

1

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
DISTRICT OF COLUMBIA BOARD OF PAROLE
PAROLE SUPERVISION SERVICES DIVISION
300 INDIANA AVE. N.W., 2ND FLOOR
WASHINGTON, D.C. 20001

**MEMORANDUM TO:** Board Members         **DATE:** March 25, 1997

**FROM:**       E. Lorraine Butler      **PAROLE UNIT:** Young Adult Unit
                Parole Officer

**SUBJECT: REPORT OF ALLEGED VIOLATION(S)     [ ] Update**

**RE:**    BROOKS, Marcus A.        DCDC #            PDID #            FBI #
           Client's Name

**Sex**    **M**      **active/maximum**            **1-18-95**         **6-26-2000**
           **DOB**    Supv. Type/Level    Date Supv. Began    FTD

**Release Date and Type**                **1**                **0**
Discretionary 1-13-95                    # Releases          # Revocations
                                                             (on this sentence)

**Aggregate Sentence**                   **8-26-92**
2 to 8 years                             Date Sentence Began

**Att. Dist. of Cocaine**
Offense(s) on which Parole may be Revoked

**Special Condition(s):** NS

**ACTION RECOMMENDED:** [ ] Warrant  [X] OAR  [ ] OAPC  [ ] PA

Other:

**CODE ALLEGATION(S)/DATE(S):**          **EVIDENCE - SOURCE & TYPE**

1. ___ Illeg used control-danger subst.  Pre-Trial Services Report 3-4-97
       10-21, 10-24, 10-31, 11-7, 11-14,
       12-5, 12-12, 12-19, 12-26-96,
       1-9, 1-16, 1-23, 1-30, 2-6, 2-13
       2-20, 2-27-97

GOVERNMENT EXHIBIT

J

RE: BROOKS, Marcus A.                           DATE: March 25, 1997
DCDC: 255 897                                   PAGE: 2
Report of Alleged Violation(s)

The Parole Board's attention is respectfully directed to our RAV dated
8-23-96, citing Mr. Brooks' arrest on 8-17-96 for First Degree Cruelty to
Children. Following an OAR Hearing on 9-26-96, the Board's action dated
9-30-96, stated to maintain supervision. On 10-21-96, the charge was
dismissed under cc #F7227-97.

The Board's attention is further directed to our memorandum dated
1-31-97, informing the Board that the charge had been brought back up
under the same case number. The case is now scheduled for a status
hearing on 4-17-97 before Judge Garner. No new Board orders have been
received.

Please be advised that Mr. Brooks has been consistently testing positive
for marijuana in drug testing with Pre-Trial Services. Specifically, he tested
positive for marijuana on 10-21, 10-24, 10-31, 11-7, 11-14, 12-5, 12-12, 12-19,
12-26-96, 1-9, 1-16, 1-23, 1-30, 2-6, 2-13, 2-20, and 2-27-97.

Due to Mr. Brooks' substance abuse, an OAR Hearing is recommended.

Respectfully submitted,

E. Lorraine Butler
Parole Officer

Approved:

Jeffrey W. Covel
Supervisory Parole Officer
Young Adult Unit

Aug 13 07 04:13p

★★★

# The Board of Parole
## of the
## District of Columbia

### NOTICE OF BOARD ORDER

★★★

Order # 1 of 1

In reference to:

DCDC ▬▬▬▬

DOB ██/██/19██

DOCKET D9704-0001

NAME MARCUS A BROOKS     LOCATION ADULT PAROLE

SSN ███-██-████

CONSIDERATION TYPE N:RAV

The District of Columbia Board of Parole issues the following **ORDER**:

**ISSUE AN ORDER TO APPEAR FOR A REVOCATION HEARING WITHOUT PRIOR DETENTION**

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

ILLEG USED CONTROL-DANGER SUBSTANCE

04/07/1997
_____
Date

A TRUE COPY
TEST

Seal

[ Offender ]
BUTLER, L

Chairman
on behalf of the Board of Parole

GOVERNMENT EXHIBIT

K

p.20

Aug 13 07 04:13p

DISTRICT OF COLUMBIA BOARD OF PAROLE

**ORDER**

## ORDER TO APPEAR FOR A REVOCATION HEARING AND NOTICE OF RIGHTS

TO: ___Brooks, Marcus A.___            DCDC# ▓▓▓▓▓   PDID# ▓▓▓▓▓

It is alleged that you violated a condition or conditions of your parole as specified in the Statement of Alleged Parole Violations, dated ___3/97___, which is attached to this Order. #4

ACCORDINGLY, YOU ARE HEREBY ORDERED TO APPEAR FOR A REVOCATION HEARING at the ___Central Detention Facility___ on ___July 10, 1997___ at ___9:30___ AM to determine if the allegations are true. The Board MAY ORDER THAT YOU BE TAKEN INTO CUSTODY at the hearing.

If the Board finds, based on the preponderance of the evidence, that you have violated one or more conditions of your parole, the Board of Parole may revoke your parole immediately and order your return to prison to serve the remainder of the sentence(s) originally imposed on you. If the Board revokes your parole, the time you spent on parole before April 11, 1987, if any, will NOT be credited as time served on the sentence(s) on which parole was granted.

YOUR REFUSAL TO ACCEPT SERVICE OF THIS ORDER OR YOUR FAILURE TO APPEAR AS ORDERED MAY RESULT IN ISSUANCE OF A WARRANT FOR YOUR ARREST.

IN CONNECTION WITH THE HEARING, YOU ARE ENTITLED TO EXERCISE THE FOLLOWING RIGHTS:

1. To appear and speak on your own behalf, with the aid of an interpreter or translator if the Hearing Official determines such aid to be necessary;

2. To be represented by an attorney of your choice;

3. To remain silent;

4. To present documents, other written information or witnesses who can give information relevant to the allegation(s);

5. To have disclosure of the evidence against you;

6. To request that the Board make available for questioning at the hearing any person who has given information against you on which the Board may rely to revoke your parole, unless granting this request would subject any person to a risk of harm;

7. To confront and cross-examine witnesses unless the Hearing Official determines that confrontation would subject any person to a risk of harm;

8. To receive the decision of the Board in writing, and a written statement of the reasons for it and the evidence relied upon.

IF YOU WISH TO BE REPRESENTED BY COUNSEL, OR TO PRESENT WITNESSES OR DOCUMENTARY EVIDENCE, YOU MUST MAKE ARRANGEMENTS FOR THEM TO BE PRESENT AT THE HEARING.

_____
Date

PDS-240 1/22/93

_D.A. Smith_
Member, D.C. Board of Parole

Aug 13 07 04:14p

P.22

Distr___ f Columbia Board of Parole
3u0 Indiana Ave N.W., Suite 2100
Washington DC 20005

Statement of Alleged Violations

DATE: *12/10/1997*

NAME : *BROOKS, MARCUS ANTHONY*
ALIAS: *BROOKS, MARCUS*

DISTINGUISHING MARKS:

SENTENCE TYPE: *YRA*

PAROLE OFFICER: *BUTLER, LORRAINE*

LAST KNOWN ADDRESS: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
*WASHINGTON, DC*

SSN#
DCDC#
PDID#
FBI#
DOB:
SEX: *MALE*
RACE: *BLACK*
EYES: *BROWN*
HAIR: *BLACK*
HEIGHT: *5 ft 6 in*
WEIGHT: *140 lbs*
COMPLEXION: *MEDIUM BROWN*

SUBJECT'S LOCATION: *At large_____   Confined in _D.C. JAIL_*

The Parolee above is alleged to have committed the following violation(s) of parole:

*1. Subject failed to obey all laws as evidenced by his arrest and charge for Simple Assault on December 9, 1997 in case # F-7227-96 in violation of parole condition #9 (0901).*

GOVERNMENT EXHIBIT

L

Aug 13 07 04:14p

★★★

**The Board of Parole**
*of the*
*District of Columbia*

## NOTICE OF BOARD ORDER FIVE DAY HOLD

Order # 1 of 1

★★★

In reference to:

DCDC
DOB
DOCKET D9712-0033

NAME MARCUS A BROOKS    LOCATION D.C. JAIL
SSN
CONSIDERATION TYPE N:RAV

The District of Columbia Board of Parole issues the following ORDER:

ISSUE A DETAINER WARRANT BASED ON ALLEGATIONS OF CRIMINAL
VIOLATION(S) OF PAROLE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:
FAILED TO OBEY ALL LAWS

12/10/1997
Date

Seal

*Margaret Quick* 3
Chairman
on behalf of the Board of Parole

[ Suspense ]
BUTLER, L

A TRUE COPY
TEST
*Michael Green*
Director, Michael Green
Parole Determination
D.C. Board of Parole

GOVERNMENT EXHIBIT

M

p.23

Aug 13 07 04:14p

p.24

# DISTRIC___  F COLUMBIA BOARD OF ___ 'AROLE

**WARRANT**

NUMBER: YD-32637-97

TO: Any Officer of the D.C. Department of Corrections, Any Police Officer or Federal Officer Authorized to
Serve Criminal Process

RE: NAME : BROOKS, MARCUS ANTHONY
ALIAS: BROOKS, MARCUS

DISTINGUISHING MARKS:

SENTENCE TYPE: YRA

PAROLE OFFICER: BUTLER, LORRAINE

LAST KNOWN ADDRESS: 2845 ROBINSON PLACE SE #404
WASHINGTON, DC

SSN#
DCDC#
PDID#
FBI#
DOB:
SEX: MALE
RACE: BLACK
EYES: BROWN
HAIR: BLACK
HEIGHT: 5 ft 6 in
WEIGHT: 140 lbs
COMPLEXION: MEDIUM BROWN

FIVE DAY HOLD

SUBJECT'S LOCATION: At large _____    Confined in _D.C. JAIL_

Whereas the above-named person is under sentence in the District of Columbia for the
crime(s) of ATTEMPT DISTRIBUTION OF COCAINE

and was on the 13th of January, 1995 released on parole from the HOPE VILLAGE,
And whereas reliable allegations have been filed with the D.C. Board of Parole that
said paroled prisoner has violated the conditions of parole and is therefore deemed
to be a fugitive from justice,

YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND
RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS.

EXCEPT IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL, STATE OR DISTRICT OF
COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT. PLACE A DETAINER AND NOTIFY
THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS
PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE. IMMEDIATELY
NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.

WITNESS my hand and the seal of this Board this 10th _____ day of December 1997 _____, 19___

_signature_
Member, D.C. Board of Parole

* FYCA case ONLY: This warrant expires at 12:01 a.m. on _____
and the person named MUST NOT be held beyond that time.

# GOVERNMENT OF THE DISTRICT OF COLUMBIA
### DISTRICT OF COLUMBIA BOARD OF PAROLE
### PAROLE SUPERVISION SERVICES DIVISION
### 300 INDIANA AVE. N.W., 2ND FLOOR
### WASHINGTON, D.C. 20001

DATE: December 23, 1997

MEMORANDUM

TO: Board Members

FROM:  E. Lorraine Butler          PAROLE UNIT: Young Adult Unit
          Parole Officer

SUBJECT: [ ] STATUS REPORT:       -Days

          [X] UPDATE: Board Warrant #YD-32637-97

          [ ] OTHER:

ACTION RECOMMENDED: Revoke, Rehear in 6 months

RE:    BROOKS, Marcus A.
       Client's Name          DCDC#           PDID# 

The Parole Board's attention is respectfully directed to our RAV dated 8-23-96, citing Mr. Brooks' arrest on 8-17-96 for First Degree Cruelty to Children. An Update dated 3-25-97 cited illegal drug use. An OAR was most recently scheduled for 1-20-98. That action was superceded by the Board action dated 12-10-97 issuing a warrant.

On 12-9-97, Mr. Brooks was sentenced in the above-mentioned case, reduced to Simple Assault, to 180 days, $1,000.00 fine suspended, in cc# F7227-96. His incarceration on this new conviction triggered the Board's action to issue a warrant.

This writer recommends that Mr. Brooks' parole be revoked. He is currently incarcerated at Lorton Youth Center.

Respectfully submitted,

E. Lorraine Butler
Parole Officer

Approved,

Jeffrey W. Covel
Supervisory Parole Officer
Young Adult Unit

GOVERNMENT EXHIBIT

N

Aug 13 07 04:15p

P.25

Aug 13 07 04:15p

P.26





## The Board of Parole

*of the*

## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC ▓▓▓▓

DOB ▓▓▓▓▓

DOCKET H9807-0054

NAME MARCUS A BROOKS

SSN ▓▓▓▓▓    LOCATION YC #1

CONSIDERATION TYPE H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**
**REVOKE PAROLE FOR CRIMINAL VIOLATION(S); GRANT REPAROLE IMMEDIATELY**

Implementation of this Order shall include the following:
Special Conditions of Parole

NARCOTICS ANONYMOUS
NARCOTICS SURVEILLANCE

Remarks:

ILLEG USED CONTROL-DANGER SUBSTANCE
FAILED TO OBEY ALL LAWS

07/14/1998
Date

Seal

Chairman
on behalf of the Board of Parole
[ Parole Determination File ]
BUTLER, L

NOA Date _7-15-98_ by _CM_

GOVERNMENT EXHIBIT

O

Aug 13 07 04:15p

P.27

PB-16
(Revised 10/91)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

**ADULT**

AP# 21517-98

Marcus A. Brooks                                  D.C.D.C. ▒▒▒▒▒ is eligible to be

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on ____IMMEDIATELY____, 19__, and that said person remain under

supervision within the limits of the ___Washington Metro Area___ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until ____November 10, 2003____, 19__; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this _____14th_____ day

of ____JULY____, 19__98__.

_Margaret Quick_ - 8 -

The above-named was released on

the _31_ day of _July_, 19 _98_.

_A. S. Golden_
A. S. Golden
A. ▒▒▒▒▒▒▒▒▒▒
TEST

Director, Michael Green
Parole Determination
D.C. Board of Parole

GOVERNMENT EXHIBIT

P

10

Aug 13 07 04:19p

STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to __Mr. Sutton 301 "C" St. N.W. (202) 727-5197__
   Department of Corrections, Room __2002__ for my final instructions.

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the
   approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages
   are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous sub-
   stance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug,
   controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself
   and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the
   event that I lose my employment or change my place of residence, I will immediately notify my
   Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforce-
   ment agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity,
   any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out
    the instructions of my Parole Officer and report as directed, knowing that failure to do so may,
    at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

SPECIAL CONDITION(S): Narcotic Anonymous
                       Narcotic Surveillance

I have read or had read to me the conditions of my release and understand that my failure to com-
ply with any one of them may be considered a violation of my release for which I am subject to
be returned as a violator. I hereby agree to abide by and comply with all of the conditions of
parole as stated above.

.................................................   .................
Signature of Parolee                                Date   7-31-98

.................................................   .................
Signature of Witness     D.C.D.C.   Title           Date   7/31/98

Aug 13 07 04:16p

P.30

**District of Columbia Board of Parole**
300 Indiana Ave N.W., Suite 2100
Washington DC 20005

Statement of Alleged Violations

DATE: 10/22/1999

NAME : BROOKS, MARCUS A
ALIAS: BROOKS, MARCUS

DISTINGUISHING MARKS:

SENTENCE TYPE: ADULT

PAROLE OFFICER: LORRAINE BUTLER

LAST KNOWN ADDRESS:
ROBINSON PL #404  SE
WASHINGTON, DC 20020

SSN#
DCDC#
PDID#
FBI#
DOB:
SEX: MALE
RACE: BLACK
EYES: BROWN
HAIR: BLACK
HEIGHT: 5 ft 6 in
WEIGHT: 140 lbs
COMPLEXION: MEDIUM BROWN

SUBJECT'S LOCATION: At large _____   Confined in DC JAIL

The Parole above is alleged to have committed the following violation(s) of parole:

1. Subject illegally possessed a narcotic drug, PCP, as evidenced by his arrest and new charge for PWID PCP while Armed on October 21, 1999 in case #F-7836-99 in violation of parole condition #4(Code 402).

2. Subject illegally sold a controlled dangerous substance, PCP, as evidenced by his arrest and new charge for PWID PCP while Armed on October 21, 1999 on case # F-7836-99 in violation of parole condition #4(Code 410).

3. Subject visited place where controlled dangerous substances are illegally sold as evidenced by his arrest and new charge for PWID PCP while Armed on October 21, 1999 in case #F-7836-99 in violation of parole condition #4(code 422).

4. Subject illegally possessed firearm TEC-9mm and MAC-11 9mm handgun, as evidenced by his arrest and new charge for ADW on October 21, 1999 in case # F-7836-99 in violation of parole condition #4(code 504).

5. Subject illegally used a firearm, 9mm, as evidenced by his arrest and new charge for PWID while Armed on October 21, 1999 in case # F-7836-99 in violation of parole condition #5(code 506).

6. Subject failed to obey all laws as evidenced by his arrest and new charge for PWID PCP while Armed and Assault with a Dangerous Weapon on October 21, 199 in case #F-7836-99 in violation of parole condition #9(Code 901).

GOVERNMENT EXHIBIT

Q

Aug 13 07 04:17p

D     ict of Columbia Board of Parc
—    300 Indiana Ave N.W., Suite 2100    —
Washington DC 20005

Statement of Alleged Violations

DATE: 10/20/1999

NAME : BROOKS, MARCUS A
ALIAS: BROOKS, MARCUS

SSN#
DCDC#
PDID#
FBI#
DOB:
SEX: **MALE**
RACE: **BLACK**
EYES: **BROWN**
HAIR: **BLACK**
HEIGHT: **5 ft 6 in**
WEIGHT: **140 lbs**
COMPLEXION: **MEDIUM BROWN**

DISTINGUISHING MARKS:

SENTENCE TYPE: ADULT

PAROLE OFFICER: BUTLER, LORRAINE

LAST KNOWN ADDRESS:

WASHINGTON, DC 20020

SUBJECT'S LOCATION: At large _X___    Confined in _____

The Parolee above is alleged to have committed the following violation(s) of parole:

1. Mr. Brooks illegally used controlled dangerous substances. His urine samples dated 6-7, 7-1, and 8-19-99 tested positive for marijuana. The sample dated 6-7-99 was also positive for cocaine. (code 0406)

2. Mr. Brooks failed to keep his parole officer informed of his work place. On 9-29-99, he wrote on his contact form that he was working for Hawkins Construction, but the only address he provided was rte. 50 in Virginia. (code 0702)

3. Mr. Brooks failed to carry out the instructions of his parole officer. On 1-27-99 and 6-4-99, he was instructed to attend SAINT NA meetings every Thursday at noon due to his substance abuse. He has failed to do so, as his parole officer has only been able to verify attendance on two occasions since 6-4-99. (code 1003)

4. Mr. Brooks failed to report as directed. On 7-1-99, he was instructed to return on 7-8-99. He failed to do so. On 8-19-99, he was instructed to return on 8-26-99. He failed to do so. (code 1004)

P.31



Aug 13 07 04:17p

★★★

**The Board of Parole**
*of the*
*District of Columbia*

★★★

**NOTICE OF BOARD ORDER**

Order # 1 of 1

In reference to:

DCDC ▓▓▓▓

DOB ▓▓▓▓

DOCKET D9910-0063

NAME MARCUS A BROOKS

SSN ▓▓▓▓▓▓ LOCATION D.C. JAIL

CONSIDERATION TYPE N:RAV

The District of Columbia Board of Parole issues the following **ORDER:**

ISSUE A DETAINER WARRANT BASED ON ALLEGATIONS OF CRIMINAL
AND NONCRIMINAL VIOLATIONS OF PAROLE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

ILLEG USED CONTROL-DANGER SUBSTANCE
FAILED TO KEEP PO INFORMED/WORK PL
FAILED TO CARRY OUT PO INSTRUCTIONS
FAILED TO REPORT AS DIRECTED
ILLEG POSS CONTROL-DANGER SUBSTANCE
ILLEG SOLD CONTROL-DANGER SUBSTANCE
POSSESSED A FIREARM
FAILED TO OBEY ALL LAWS

_____
10/25/1999
Date

Seal

_____
Chairman
on behalf of the Board of Parole

BU

GOVERNMENT EXHIBIT

R

p.32

Aug 13 07 04:18p

# DISTRICT OF COLUMBIA BOARD OF PAROLE

**WARRANT**

NUMBER: P 35935-99

TO: Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process

RE: NAME : BROOKS, MARCUS A
ALIAS: BROOKS, MARCUS

DISTINGUISHING MARKS:

SENTENCE TYPE: ADULT

PAROLE OFFICER: LORRAINE BUTLER

LAST KNOWN ADDRESS:

WASHINGTON, DC 20020

SSN#
DCDC#
PDID#
FBI#
DOB:                    ██/██/1971
SEX:           MALE
RACE:          BLACK
EYES:          BROWN
HAIR:          BLACK
HEIGHT:        5 ft 6 in
WEIGHT:        140 lbs
COMPLEXION:    MEDIUM BROWN

SUBJECT'S LOCATION : At large_____     Confined in DC JAIL_____

Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of Att Distribution of Cocaine and was on the 31st of July, 1998 released on parole from the Youth Center I, And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice.

YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS.

EXCEPT  IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT.  PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE.  IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.

WITNESS my hand and the seal of this Board this 25th day of OCTOBER, 1999_____, 19____

_Margaret Quick_
Member, D.C. Board of Parole

* FYCA case ONLY: This warrant expires at 12:01 a.m. on ____ and the person named MUST NOT be held beyond that time.
Warrant Certified as Valid

Aug 13 07 04:18p

**Court Services and Offender Supervision Agency**
for the District of Columbia
*Board of Parole - Office of the Board*
Washington, DC

## TRANSMITTAL

**TO:**      US Parole Commission

**FROM:**    DC Board of Parole

**SUBJECT:**  ___BROOKS, MARCUS A___
            Offender's Name

            ████████               ████████
            DCDC#                   DOB

**RE:**      Outstanding Parole Warrant # P  ___35735-99___

            Subject is:  [ ]  At large

                         [X]  Confined at ___CDF___
                              and a detainer is filed at that facility

Pursuant to the transfer of authority established by the *National Capital Revitalization & Self-Government Improvement Act of 1997*, jurisdiction over the above-referenced warrant is hereby transferred to the US Parole Commission (USPC). A true copy of the warrant has been provided to the US Marshals, and automated records on this warrant have been appropriately modified. The Board's decision-making case file on the subject offender contains the original warrant and supporting documentation, and:

            [X]  Is attached to this transmittal.

            [ ]  Was transferred to the USPC on _____

Verified on ___07-11-00___ by _~signature~_
on behalf of the DC Board of Parole.

cc:     US Marshals Service

**808 17th Street, NW, Suite 820, Washington, DC 20006**
**Telephone: (202) 254-2514    Fax: (202) 254**

GOVERNMENT EXHIBIT
**S**

Aug 13 07 04:18p

To: United States Parole Commission

US PAROLE
COMMISSION

Fm: Marcus Brooks
DC. DC #
FED #

I am filing this Motion one week
from your recieving this I have
wrote you several letters in the
past to no Avail Also F.C.I Cumberland
has wrote you from 2002-07
this is your last reprieve before
I file

May 24, 07

GOVERNMENT EXHIBIT

T

20

United States District Court for the District of Columbia

Marcus Brooks
S. DC. NO. ███████
Federal Register NO. ████████
                                    Petitioner

    V.

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase MD 20815

Roberto Gonzalez, Attorney General
United States Department of Justice
950 Pennsylvania Ave. N.W.
Washington DC. 20001

John Caulfiled, Warden
CCA Correctional treatment facility
1901 E Street SE
Washington DC 20003
                                    Respondents

Civil No.:
Detefiled.

_____

Motion for Writ of Habeas Corpus Pursuant to
28 USC 2241

Now comes Petitioner, Marcus Brooks, a federal inmate
currently in the custody of the United States Bureau of
Prisons; By and through himself (pro se) and respectfully
moves this honorable court to grant his Motion for writ
of habeas corpus, pursuant to 28 USC 2241. Petitioner
moves this court in good faith And Seeks An Order
instructing the United States Parole Commission, Respondent,
to Credit his time in custody served And release him
from Any further detainers or holds placed on him by
the Respondent. In the alternative Petitioner seeks
An Order for a hearing before this Court to determine
the following motion. Petitioner also < the following

# Back Ground

1) Petitioner has Been in carcerated since 1999
for a conviction of Drugs and Weapon charges in
D.C. Superior court

2) The D.C. Parole Board upon recieving such notice
revoked my Parole and issued a warrant and lodged
detainer.

3) U.S. Attorney then dropped case still did not execute
Respondent D.C. Parole Commission

Warrant.

4) U.S. District Court Picked up case in 1999
5) In 2001 Petitioner Plead guilty to conspricy
Respondent D.C. Parole Commission still did Not execute

warrant.

6) Petitioner was sentenced in August of 2002 to 130 m
7) District Judge Ricardo J Urbina

8) Petitioner was sent to FCI Cumberland to

serve sentence

9) FCI Cumberland notified Respondent DC. Parole
Commission several times from 2002-2007

10) Respondent D.C. Parole Commission made no attempt to

remedy situation

11) Petitioner Marcus Brooks tried writing Respondent
good faith letter several times to no avail.

12) Petitioner is now at C.C.A Central treatment facility
waiting to Be returned to Cumberland FCI to finish

sentence

13) Petitioner has served 108 mth of 130 mth of sentence
14) Respondent Detainee is stopping 500 hr coud

ordered Drug Program

# Arguement

In the United States Parole Commission guidelines panel 2006 version in section 2.47(2a) it states in a state that if a local prisoner is serving a new sentence in a state instit. the violation warrant shall be Reviewed later than 180 Days By Regional Commission following notification." FCI Cumberland has sent several letters Respondent. FCI DC. Parole Commission has sent several letters Petitioner. DC Parole Commission Between 2002-2007, Respondent has sent several letters to Respondent Putting the Respondent almost 5 years no avail of notification.

See 180 Days of notification.

It also states in the Same manual section 2.47(2) "Withdraw warrant and either release order reinstatement of the parolee to Supervision upon confinement or lose the case if expiration has passed." My Expeation has passed on my DC code time and the respondent has not withdrew the warrant.

It further states in section 2.47 (e) (1) "A parole violate whose parole is revoked shall Be given credit for all time served in federal, state or local confinement on a New charge federal, state ... Purposes of satisfaction of parolee guidelines" Parolee was revoked upon warrant? detainee and Respondent has not made effort to credit my time with Notice of action.

It also states in the D.C. Parole Commission manual section 220 221 (c) "Time served on New state or custody for shall Be counted," As time in custody for purposes.

In the D.C. Parole Commission manuel section 2.47-02 alternatives after disposal of such warrant withdrawal of such warrant shall Be Accompanied By Notice stating withdrawal of warrant. Respondent was withdrawal of action stating withdrawal of this recourse of Notice of had ample time for this refused to adhere to their own rules And laws

Dale H Sutherland v Parole Commission 709 F2d 730 this case supports Petitioners claim in Paroles Boards cruel and unusual punishment of not giving me my "Due" process

long v Gaines Fed sup 167.75 this case futher supports Petitioner claim in that the Commission multiple violations of my rights and stopping my Participation in the 500 hc court ordered Drug Program!

## Conclusion

Wherefore, Petitioner Marcus Brooks requests this Honorable court grant his motion for writ of Habeas Corpus pursuant to 28 U.S.C. 2241; that the court enter an order granting his motion and that said order immediately be directed to the United States Parole Commission and warden of the C.C.A Correctional treatment facility. Mr John Caulfield, Respondents. Petitioner also asks this court to direct this same order to the Warden of what ever institution he is held at in the event of his transfer. Petitioner prays that in the relief sought in this motion herein be in all respects granted and for any such other and futher relief as to this court may seem just and proper.

Respectfully submitted this 24 __ day of May __, 2007

Marcus Brooks / pro se
D.C. D.C. No
Federal No
C.C.A Correctional treatment facility
1901 E st SE.
Washington D.C. 20003

# Oath

I Marcus Brooks, Petitioner do swear under oath and Penalty of Perjury to having prepared the above motion and that the information contained herein is true and correct to the Best of my knowledge

M.B.⊘

Marcus Brooks

[redacted]-06

CCA Correctional Treatment Facility
1901 E street SE.
Washington DC. 2008

## Certificate of Service

I Marcus Brooks, Petitioner, have furnished copies of this motion By US mail (Service) to the Warden of CCA Mr John Caulfield, the United States Parole Commission at 5550 Friendship Boulevard, chevy chase MD 20815, the united states Attorney general Mr alberto Gonzalez, at United states Department of Justice, at 950 Pennsylvania Ave NW Washington DC. 2001 on this 24th ___ day of May 2007

M.B.⊘

Aug 13 07 04:20p

** DRAFT ***** DRAFT ***** DRAFT ***** DRAFT ***** DRAFT ***** DRAFT **

## U.S. DEPARTMENT OF JUSTICE
## U.S. Parole Commission

## ORDER

Name:                Brooks, Marcus

Reg No:              █████-0██

Institution:         Cumberland FCI

**I. Original Offense: Attempted Distribution of Cocaine**

Date of Release: 7-14-1998                                    FTD: 11-10-2003

Record of Violence? Yes

**II. Violation Offense:** Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and
Cannabis.

Type of Custody:            Federal
Length of Sentence:         130 months
Time in Custody:            93 months as of 7-30-2007
Projected Actual Release:   4-14-2009 after 114 months    (Age: ██)

**III. Reparole Guidelines**

Offense Severity: 6              SFS:              Guideline Range: 78-100 months

**IV. Recommended Order**

[CopyToBegin-Recommendation] Let the detainer stand. [CopyToEnd-Recommendation]

**Comments:**

The subject was paroled by the D.C. Board of Parole on 7-14-1998 and violated the conditions of release
when he was arrested on 10-20-1999 for the violation offense.

The subject entered a guilty plea to the charge of Conspiracy to Distribute and Possession with Intent to
Distribute Cocaine and Cannabis and as a result of the plea the government agreed to dismiss the remaining
charges of the indictment. According to the PSI dated 11-14-2000 the subject admitted to Obstruction of
Justice and possessing two firearms.

GOVERNMENT EXHIBIT

U

21

Aug 13 07 04:21p

\*\* DRAFT \*\*\*\* DRAFT \*\*\*\* DRAFT \*\*\*\* DRAFT \*\*\*\* DRAFT \*\*
The violation offense consisted of the subject and accomplices engaging in a gunfight with another group of
individuals. An off-duty MPD officer responded to the gunfight and was fired upon by two people. The
subject fled the scene and took refuge in his girlfriend's apartment where efforts were taken to conceal
drugs and firearms from the offense in a ceiling vent, toilet, mattress, and a bathtub. The subject then
compelled his girlfriend to falsely tell police that the firearms and drugs were left by a former boyfriend and
not the releasee.

In light of the additional information about the gunfight and obstruction of justice this analyst reccomends
that a decision above the top of the guidelines is warranted. The subject will serve 114 months which is
above the 78-100 month guidelines. I recommend that the warrant remain as a detainer and be executed
upon release from the current sentence.

Submitted by Case Analyst: _____ Stephen T. Nasko, Case Analyst Trainee     Date

Concurrence by Examiner: _____ (if required)     Date

## V. Order by Commissioner

  ✓ Agree with Recommendation  _____ Disagree with Recommendation

Commissioner's Signature _____ 8-6-07
                              Signature                Date

## VI. Parolee's Consent to Expedited Revocation (if applicable)

Verified by: _____          _____
                  Signature                    Date

## VII. Instructions

**Instructions to: [CopyToBegin-Instructions]** BOP Inmate Systems Manager

The warrant must be executed on 4-14-2009, unless the parolee is arrested earlier on the warrant after
release from the new sentence. [CopyToEnd-Instructions]

**THIS ORDER IS NOT APPEALABLE**

p.42

Aug 15 07 11:03a

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name:  Brooks, Marcus

Register Number:

Institution:  Cumberland FCI

Date:    August 8, 2007

In the case of the above-named, the following action was ordered:

**Let the Detainer Stand.**

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: David Baldwin

GOVERNMENT EXHIBIT

V

P.1