Case 1:07-cv-01164-ESH   Document 14   Filed 10/10/2007   Page 1 of 6

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS

Received
Mail Room

Nancy Mayer Whittington, Clerk
US District Court, District of Columbia

NIXIE        232  DC 1         00  10/03/07
          RETURN TO SENDER
          ATTEMPTED - NOT KNOWN
          UNABLE TO FORWARD

BC: 20001289999              *2117-21410-25-40



| | |
|---|---|
| DCD_ECFNotice@dcd.uscourts.gov | To  DCD_ECFNotice@dcd.uscourts.gov |
| 09/24/2007 11:42 AM | cc |
| | bcc |
| | Subject  Activity in Case 1:07-cv-01164-ESH BROOKS v. UNITED STATES PAROLE COMMISSION et al Memorandum & Opinion |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

## U.S. District Court

## District of Columbia

### Notice of Electronic Filing

The following transaction was entered on 9/24/2007 at 11:42 AM and filed on 9/24/2007
**Case Name:**          BROOKS v. UNITED STATES PAROLE COMMISSION et al
**Case Number:**        1:07-cv-1164
**Filer:**
**Document Number:**    13

**Docket Text:**
MEMORANDUM OPINION AND ORDER denying [1] Petition for Writ of Habeas Corpus and dismissing the case. Signed by Judge Ellen S. Huvelle on 9/24/2007. (lcesh2)


**1:07-cv-1164 Notice has been electronically mailed to:**
Thomas Anthony Quinn   tony.quinn2@usdoj.gov, barbara.burnett@usdoj.gov, robert.okun@usdoj.gov, usadc.docketing@usdoj.gov

**1:07-cv-1164 Notice will be delivered by other means to::**

MARCUS BROOKS
R 23070-016
PETERSBURG FEDERAL CORRECTIONAL INSTITUTION
CCA CORRECTIONAL TREATMENT FACILITY
Medium
Inmate Mail/Parcels
P.O. Box 90043
Petersburg, VA 23804

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\lcesh2\Desktop\07cv1164 Brooks habeas order.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=9/24/2007] [FileNumber=1560020-0]
[6aeaf6bdbb59e75c4ac0056a795793dc3032f173ea4db6049891e260bd0247bc934d
5f2052198fa27d50285c1130a276ea84908e41de212f039108524d80f31e]]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS BROOKS,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES PAROLE<br>COMMISSION, *et al.*<br><br>        Respondents. | Civil Action No. 07-1164 (ESH) |

## MEMORANDUM OPINION AND ORDER

Petitioner Marcus Brooks is currently serving a non-parolable federal sentence of 130 months for conspiracy to distribute cocaine and cannabis. His projected release date on the federal sentence is in April 2009. Before the Court are petitioner's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and respondents' opposition thereto. As explained herein, the petition must be denied.

In October 1999, while on parole for a sentence imposed by the District of Columbia Superior Court for attempted distribution of cocaine, petitioner was again arrested for the possession of illegal drugs with the intent to distribute. Petitioner pled guilty to the new charges before this Court, and his current 130-month federal sentence was imposed. (Resp'ts Ex. B.) Based on the new October 1999 charges, the District of Columbia Parole Board issued a parole violation warrant for petitioner's arrest and requested that the warrant be lodged as a detainer against petitioner, who was then in custody as a result of the new arrest. (Resp'ts Exs. A, R.) Citing several federal regulations, petitioner now requests that this detainer be removed and credit for his time served on the intervening federal sentence be applied to any further sentence

of imprisonment he may receive as a result of his parole violation. (*See* Pet. at 1.) Alternatively, petitioner requests a hearing on these issues. (*Id.*)

Under the applicable U.S. Parole Commission regulations[1], when a District of Columbia "parolee is serving a new sentence of imprisonment that does not include eligibility for parole under the Commission's jurisdiction, the Commission shall review the detainer upon the request of the parolee." 28 C.F.R. § 2.100(c). Following such review, the Commission may elect any one of the following options:

> (1) Withdraw the detainer and order reinstatement of the parolee to supervision upon release from custody, or close the case if the expiration date has passed.
>
> (2) Order a dispositional revocation hearing to be conducted by a
> hearing examiner or an official designated by the Commission at the institution in which the parolee is confined. In such case, the warrant shall not be executed except upon final order of the Commission following such hearing.
>
> (3) Let the detainer stand until the new sentence is completed. Following the release of the parolee, and the execution of the Commission's warrant, an institutional revocation hearing shall be conducted after the parolee is returned to federal custody.

*Id.*

After receiving notice of petitioner's intent to file the instant petition with the Court, which it construed as a request for review of the detainer under 28 C.F.R. § 2.100(c), the Parole Commission conducted an on-the-record review. (Resp'ts Exs. T, U.) Following this review, which took into account facts relating to petitioner's intervening crimes, the Commission ordered that the warrant remain lodged as a detainer to be executed upon petitioner's release

---

[1] Pursuant to D.C. Code § 24-131(a)(1), the U.S. Parole Commission has assumed sole authority over all parole decisions regarding D.C. Code felony offenders convicted in D.C. Superior Court.

from his current federal sentence. (Resp'ts Ex. U.) This decision was clearly within the Commission's authority under 28 C.F.R. § 2.100(c)(3), and it has no obligation to execute the warrant until petitioner completes his intervening sentence. *Wynn v. Gaines*, Civ. No. 05-1974, 2006 WL 1071522, at *2 (D.D.C. Apr. 21, 2006) (citing *Moody v. Daggett*, 429 U.S. 78, 86-87 (1976)). Accordingly, petitioner has received all the process he is entitled to under the Parole Commission regulations. Moreover, because "[t]he Commission . . . has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant," *Moody*, 429 U.S. at 89, petitioner is not entitled to a hearing at this time.[2]

Accordingly, because petitioner has not established that his "custody is in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), his Petition for a Writ of Habeas Corpus [Dkt. # 1] is **DENIED**, and the case is **DISMISSED**.

**SO ORDERED.**

This is a final appealable order. *See* Fed. R. App. P. 4(a).

                                    /s/
                            ELLEN SEGAL HUVELLE
                            United States District Judge

Date:  September 24, 2007

---

[2]Petitioner also objects to the fact that the pending warrant and detainer have apparently made him ineligible for a drug rehabilitation program in prison. However, such arguments were foreclosed by the Supreme Court in *Moody*. 429 U.S. at 88 n.9.

-3-